*Eastern Dis.*
*June, 1834.*

HUSET'S HEIRS
*vs.*
LEFEBVRE

A note found among the papers of a factor at his decease, which had been taken in payment of the price of property sold for his consignor, belongs to the latter, and should be delivered up by the executors, or its proceeds if collected, without being mingled with the estate of the deceased.

---

## HUSET'S HEIRS *vs.* LEFEBVRE ET ALS.

6 601:
114 212

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT.

If minors after coming of age, either expressly or tacitly approve of the alienation of their property while under age, they cannot sue for its recovery.

A receipt given by the widow to a purchaser of property held in community between her and her children, is admissible in evidence to show payment of the price, against the latter in a suit to recover back the property as having been illegally sold.

A verdict made up from the evidence of the case, not manifestly wrong' will not be disturbed.

The plaintiffs allege that they are the heirs and legal representatives of Charles M. Huset who died in the parish of Lafourche Interior, in 1812, leaving a widow Marie

76

EASTERN DIS. Haché and the aforesaid heirs, his legitimate children, most
*June, 1834*
of them minors; that he owned and possessed at his death a
HUSET'S HEIRS plantation on bayou Lafourche, a negro woman, slave and
*vs.*
LEFEBVRE. her two children, all of which were sold at public sale by
order of the Court of Probates of said parish, in September
1812; that the sale is illegal because the widow never took
the oath as natural tutrix of the minors; no under tutor was
appointed, and no family meeting was held to deliberate and
decide if it was for the interest of the minors to sell said
property; that the terms and conditions of the sale were not
advertised according to law; that the widow and natural
tutrix became a purchaser of the property sold, by reason
of all of which defects the sale is null and void: that the
defendants Pierre Lefebvre, J. B. Guidry and F. Ayon are
in possession of said property: wherefore they pray that
said defendants be declared to be wrongfully in the pos-
session thereof and that it be decreed to belong to them,
and that the defendants deliver it up accordingly, &c.

The defendant Lefebvre, in his answer pleads a general
denial and expressly denies the heirship of the plaintiffs,
and alleges that he is the true owner of the plantation by a
just title, having purchased it at the probate sale of Charles
Baird's estate, the 10th of January 1829, who had acquired
title to it by authentic act from Jacques Verret, passed the
2d March 1819, who had purchased it at the probate sale of
the estate of the ancestor of the plaintiffs in September
1812. This is the sale now complained of. The defendant
Lefebvre, further alleges that he and those under whom he
claims have possessed said property in good faith and under
a just title ever since the 21st September 1812; and he calls
his vendors in warranty, &c.

The defendant Guidry, pleaded the general issue, denied
the heirship of the plaintiffs, and alleged that he derived title
to the portion of the property claimed from him by purchase
from one Martin, who acquired his title by purchase, at the
probate sale of the estate of Marie Haché, widow of said C.
M. Huset, made in December 1819, and has possessed in
good faith, &c.

Eastern Dis.
June, 1834.

HUSET'S HEIRS
vs.
LEFEBVRE
ET ALS.

Ayon pleaded a general denial, and alleges that he is owner of the slaves claimed, and acquired title to them by authentic act and purchase from Marie Haché in 1816, &c.

Guidry and Ayon in amended answers call their vendors in warranty; the latter alleges, that as he purchased from plaintiff's mother, and who was also their natural tutrix, and part owner of the property, that they are bound to him in warranty, &c.

Much evidence was produced on the trial of this cause, which was submitted to a jury, who found a verdict for the defendants. From the judgment of the court rendered thereon, the plaintiffs appealed.

*Taylor*, for the plaintiffs and appellants.

1. The plaintiffs are the legal heirs and representatives of the persons under whom they claim.

2. All the heirs of Charles M. Huset were minors on the 21st of September 1812, and the probate sale of the land belonging to his succession, was absolutely null and void for the reasons set forth in plaintiffs petition. 3 *Moreau's Dig. p.* 132. 19. 21. *Civil Code, p.* 68, *art.* 57, 58. *and* 51, 53. 3 *Martin, N. S.* 324. *Nap. Code, art.* 457. *Pailleitt's note, p.* 157, *art.* 8 *and* 9.

3. It devolved on the defendants to show that the proceedings relative to the probate sale were regular. We produced the best evidence the nature of the case admitted of, to show that the legal formalities had not been observed, by presenting a copy of every thing on file in the parish judge's office relative thereto. 3 *La. Rep.* 78. 1 *Phillips on Ev.* (*ed.* 1820) 149.

4. A defective title does not form the basis for prescription. *Civil Code, p.* 488, *art.* 70. 4 *Martin N. S.* 212.

5. The title from Verret to Baird, dated 2d March 1819, is the first produced by Lefebvre, which is perfect in form, and the first produced by the defendant Guidry, is that from Michel Martin to himself, dated 28th of February 1820.

6. No prescription runs against minors. *Civil Code, p.* 486, *art.* 56; and of course the prescription of ten years is

EASTERN DIS.
June, 1834.

HUSET'S HEIRS
vs.
LEFEBVRE
ET ALS.

not complete as to the shares of the younger children of C. M. Huset, jun.

7. The plaintiffs, heirs of Charles M. Huset, sen., had a common and undivided right to the land sued for; and as the prescription of ten years could not run against those who were minors, it likewise can have no effect against the majors. *Domat, vol.* 1, *book* 3, *title* 7, *sec.* 5, *V.*

8. The exception of plaintiffs to the introduction of the quittance given by the widow of Huset, the father, to Jacques Verret by public act, passed before the judge of the parish of Lafourche Interior 8th of September 1815, was well taken, because she was not qualified as tutrix until the 1st of November 1816.

9. And if the exception should be decided to be well taken, the case ought not to be remanded for a new trial, as all the evidence offered whether received or rejected is in the record.

———— for defendants.

BULLARD, J. delivered the opinion of the court.

The petitioners represent that they are the surviving children and heirs of Charles Mathurin Huset, deceased. That at his death they, and those whom they represent, were all minors, and that their father died seized, among other things, of a tract of land on the bayou Lafourche, and a certain slave called Isabella and her children. They represent that on the 25th of September 1812, the property was sold at auction, by authority of the Court of Probates, of the the parish of Lafourche Interior, and that the land is now in possession of the defendants Lefebvre and Guidry, and the slave in that of Ayon. They allege that the proceedings and formalities required by law, for the disposition and sale of the property of minors were not had and complied with previous to said sale; and particularly, 1st. that Marie Haché, their natural tutrix, did not take an oath as tutrix; 2d. that no under tutor was appointed; 3d. that no family meeting was called; 4th. that

the sale was not advertised according to law; and 5th. that EASTERN DIS.
*June,*1834.

HUSET'S HEIRS
*vs.*
LEFEBVRE
ET ALS. their tutrix became a purchaser of a part of the property. They concluded by praying judgment for the land and slave and her increase.

The defendants specially deny in their answer the heirship of the plaintiffs, and generally the facts alleged in the petition. The defendant Lefebvre, further sets up his title to the land under a sale of the estate of Charles Baird, deceased, he pleads prescription, and calls in the heirs of Baird as warrantors. The defendant Guidry, also sets up title to another portion of the land, under a conveyance from Michel Martin, and they both claim the value of improvements made on the land. The defendant Ayon sets up ᐧtitle to the slaves under a conveyance made in the year 1816, by the mother of the plaintiffs, Marie Haché, and pleads prescription.

Amended answers were afterwards filed ᐧwith the leave of the court, in which the defendants oppose to the plaintiffs the exception of warranty, alleging that they, the plaintiffs, are the heirs of their mother, who sold and was bound to warrant, and that the price paid for the property was received by, or went to the benefit of the plaintiffs; and then pray that in case of eviction, the plaintiffs may be condemned to refund the price paid by them. They aver that the plaintiffs by receiving the price have ratified the sales of which they complain.

The plaintiffs took a non-suit as to the defendant Ayon, and the cause as to the other defendants was tried by a jury, who found a verdict for the defendants, and the plaintiffs appealed.

The property possessed by Huset, father, at the time of his death, is presumed to have been of the community, and consequently one half belonged to the widow. It is therefore only in relation to the sale of one undivided half of the land that the plaintiffs had a right to complain.

It is not necessary to inquire whether the sale by authority of the Court of Probates in September 1812, was legal, or whether it was null and void for want of those forms and solemnities required by law for the sale of minors property.

EASTERN DIS.
*June,* 1834.

HUSET'S HEIRS
*vs.*
LEFEBVRE
ET ALS.

If minors after coming of age, either expressly or tacitly approve of the alienation of their property while under age, they cannot sue for its recovery.

This court has decided after solemn argument, that if minors, after arriving at the age of majority, expressly or tacitly approve of the alienation, they cannot afterwards sue for the property. *Chesneau's Heirs* vs. *Sadler,* 10 *Martin's Rep.* 726. *Minor's Grounse* vs. *Abat's Executors, April term,* 1834.

This approval on the part of the plaintiffs is expressly pleaded, and that issue was tried by a jury who found it in favor of the defendants. A mass of evidence was submitted and comes before us on the record, to show that the plaintiffs had given receipts for balances due them from the estates both of their father and mother. It is clear that if they have become heirs unconditionally of both their parents, they cannot recover.

The plaintiffs rely on a bill of exception to which our attention is called. The defendant offered in evidence a copy of a receipt given by the widow Huset to Jacques Verret for the last payment of the purchase money of the tract of land bought by him at the sale of the estate in 1812, which receipt bore date in 1815. Its introduction was opposed by plaintiffs on the ground that their mother was not duly qualified as their tutrix until after the date of the receipt. It was admitted and the plaintiffs took a bill of exceptions. We think the court did not err. The effect which such evidence should have was another question; as evidence of payment by a purchaser at the public sale to the widow who had a right to receive one half in her own right, it was clearly admisible.

A receipt given by the widow to a purchaser of property held in community between her and her children, is admissible in evidence to show payment of the price, against the latter in a suit to recover back the property as having been illegally sold.

The evidence both documentary and parole seems to have satisfied the jury and the court of the first instance, that the plaintiffs had received the proceeds of the sales of which they complain, and that they had become the heirs of their mother unconditionally, and consequently precluded from recovery by the exception of warranty. We are not enabled from an examination of the evidence to say that the verdict was manifestly wrong.

A verdict made up from the evidence of the case, not manifestly wrong, will not be disturbed.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.